DOUGLAS J. FARMER, Cal. Bar No. 139646
doug.farmer@ogletreedeakins.com
DAVID D. SOHN, Cal Bar No. 221119
david.sohn@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, California  94105
Telephone:    415-442-4810
Facsimile:    415-442-4870

Attorneys for Defendant
KRAFT FOODS GLOBAL, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA TERESA GONZALEZ<br><br>Plaintiff,<br><br>v.<br><br>KRAFT FOODS, INC.; KELLY SERVICES; and DOES 1 through 20, INCLUSIVE,<br><br>Defendants. | Case No. 1:09-CV-01426-LJO-GSA<br><br>**STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION; AND ORDER**<br><br>Date:<br>Time:<br>Place:<br><br>Action Filed:    June 24, 2009<br>Trial Date:      Not Set |

STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION; AND [PROPOSED] ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential material, and ensure that protection is afforded to material so entitled, Plaintiff MARIA TERESA GONZALEZ. ("Plaintiff") and Defendants KRAFT FOODS GLOBAL, INC. and KELLY SERVICES, INC. (collectively "Defendants"), by and through their respective counsel of record named herein, hereby jointly move this Court to enter this Stipulated Protective Order ("Order").

**WHEREAS**, the parties are engaged in discovery that may require the production of non-public, confidential, proprietary and trade secret information of Defendants, including, but not limited to, information and documents regarding Defendants' compensation practices, disciplinary practices, hiring and training practices, policies and procedures, programs and agreements, and private information regarding Defendants' current and former agents and/or employees; and

**WHEREAS**, the parties have met and conferred in good faith and agree that a stipulated protective order is necessary to protect Defendants' proprietary and trade secret information and private information regarding their current and former agents and employees;

**THEREFORE, IT IS STIPULATED AND AGREED**, by and between Plaintiff and Defendants and their respective undersigned counsel of record that:

**1.    DEFINITIONS**

1.1    <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

1.2    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to requests for discovery in this matter.

1.3    <u>"CONFIDENTIAL" Information or Items</u>:  For purposes of this Order, the Producing Party may designate as "CONFIDENTIAL" any information it believes to be Confidential Information, or any document containing such information.  Confidential Information means Trade Secrets (defined in the paragraph below), confidential and proprietary business and financial information, and confidential personal information, including, without limitation:  (1)

non-public information about any individual or individuals, including personnel records, evaluations, compensation levels, databases, surveys, statistical analysis, analyses of personnel practices, or other information incorporating or aggregating information pertaining to individuals; (2) non-public information about any client or customer of Defendants, including financial information; and (3) information and documents regarding Defendants' products, selling and marketing practices, disciplinary practices, compensation practices, hiring and training practices, policies and procedures, programs and agreements, and private information regarding Defendants' current and former agents, employees and customers.

A "Trade Secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

1.4     "ATTORNEYS' EYES ONLY" Information or Items:  For purposes of this Order, the Producing Party may designate as "ATTORNEYS' EYES ONLY" certain information or items that shall be disclosed only to attorneys for either party to this action, including in-house counsel, their secretarial and legal assistants, and consultants or experts retained by the parties or their attorneys for purposes of this litigation.  No documents or information designated "ATTORNEYS' EYES ONLY" shall be disclosed to any party to this action, any putative class member as defined in the operative complaint in this action, any third-party, or to any officer, director, or employee of any party or third-parties, except by written stipulation of the parties or by order of the Court.

1.5     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

1.6     Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

1.7     Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

1.8     Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  Protected Material includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material.

1.9     Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

1.10    House Counsel:  attorneys who are employees of a Party.

1.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

1.12    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

1.13    Professional Vendors:  persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving, examining, sorting data in any form or medium; etc.) and their employees and subcontractors.

**2.     SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therfrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that reveal Protected Material.  This includes any documents and/or information produced prior to the execution of this Order designated as Protected Material.

**3.     DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise or a court order otherwise directs.

## 4. DESIGNATING PROTECTED MATERIAL

4.1  Manner and Timing of Designations.  Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 4.1(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" clearly on each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order; then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation clearly on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate "CONFIDENTIAL" or "ATTORNEYS ONLY" markings in the margins).

(b)  For testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition or other pretrial or trial proceedings, all protected testimony, and further specify any portions of the testimony that it intends to designate as "CONFIDENTIAL" or

1  "ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of
2  testimony that is entitled to protection, and when it appears that substantial portions of the
3  testimony may qualify for protection, the Party or nonparty that sponsors, offers, or gives the
4  testimony may invoke on the record (before the deposition or other pretrial or trial proceedings, are
5  concluded) a right to have up to thirty (30) days to identify the specific portions of the testimony as
6  to which "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" protection is sought.  Only those
7  portions of the testimony that are appropriately designated for protection within the thirty (30) days
8  shall be covered by the provisions of this Order.  During the pendency of the thirty-day period, and
9  until a final transcript incorporating all specified confidentiality and/or attorneys'-eyes-only
10 designations is provided by the court reporter, the Parties shall treat all portions of the testimony as
11 "ATTORNEYS' EYES ONLY."  After the final transcript incorporating all specified
12 confidentiality or attorneys-only designations is provided by the court reporter, the Parties agree to
13 destroy all copies of any interim transcripts containing incomplete confidentiality and/or
14 attorneys'-eyes-only designations.

15      Transcript pages containing Protected Material must be separately marked by the
16 court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or
17 "ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the
18 witness or presenting the testimony.

19      (c)     <u>For information produced in some form other than documentary, and for any</u>
20 <u>other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the
21 container or containers in which the information or item is stored the legend "CONFIDENTIAL"
22 or "ATTORNEYS' EYES ONLY."  If only a portion or portions of the material on a page qualifies
23 for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by
24 making appropriate "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" markings in the
25 margins).

26      4.2     <u>Inadvertent Failures to Designate</u>.  The inadvertent or unintentional disclosure by a
27 producing Party or nonparty of materials designated "CONFIDENTIAL" or "ATTORNEYS' EYES
28 ONLY" during the course of this litigation, regardless of whether the information was so

designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's or nonparty's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  Counsel for the Parties and/or nonparties shall in any event, to the extent possible, upon discovery of such inadvertent error, cooperate to restore the confidentiality of the materials designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that was inadvertently or unintentionally disclosed.  Any documents produced prior to the execution of this Order, that were not designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," can be so designated within 30 days of the execution of this Order.

   4.3 <u>Inadvertent Production of Privileged Discovery Material</u>.  If a Producing Party through inadvertence produces or provides discovery that it, he or she believes is subject to a claim of attorney-client privilege or work product immunity, the Producing Party may give written notice to the Receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the Producing Party.  The Receiving Party shall promptly return to the Producing Party the inadvertently disclosed document and all copies of such document.  Return of the document by the receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any Party from moving the Court for an Order that such document was improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production

**5.** **<u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

   5.1 <u>Timing of Challenges</u>.  A Party who seeks to challenge a Designating Party's "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation must do so within sixty (60) days after receiving the information which the Receiving Party believes may have been improperly designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

   5.2 <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation must do so in good faith and

must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

5.3     <u>Judicial Intervention</u>. Any dispute relating to this Order, including a challenge to a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation or the inadvertent disclosure of work product or attorney-client material, shall be raised by a regularly-noticed motion to the Court in accordance with Civil Local Rule 37-251 (and in compliance with Civil Local Rule 39-141, if applicable). In making or opposing any motion relating to the confidentiality designation of a document, the party seeking to maintain a document as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall bear the burden of showing that specific prejudice or harm will result if no protective order is granted. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**6.     ACCESS TO AND USE OF PROTECTED MATERIAL**

6.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Subject to the limitations set forth in Section 11 of this Order, unless otherwise ordered by the Court or permitted in writing

by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      (a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

      (b)    the Receiving Party, including the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

      (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as **Exhibit A**;

      (d)    the Court and its personnel subject to the filing procedures set forth herein;

      (e)    court reporters and their staffs subject to the provisions regarding deposition set forth herein;

      (f)    the Receiving Party's professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the attached "Agreement to Be Bound by Protective Order" (*see* **Exhibit A**);

      (g)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary, and who have signed the attached "Agreement to Be Bound by Protective Order" (*see* **Exhibit A**). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately marked as such by the court reporter and may not be disclosed to anyone except as permitted under this Order. Notwithstanding the above, an individual may be shown his/her own documents or information marked as "CONFIDENTIAL" without any requirement to sign the "Agreement to Be Bound by Protective Order;" and

      (h)    the author and/or recipient(s) of the document or the original source and/or original recipient(s) of the information.

    6.3    <u>Disclosure of "ATTORNEYS' EYES ONLY" Information or Items</u>. Subject to the limitations set forth in Section 11 of this Order, unless otherwise ordered by the Court or permitted

in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) of the Receiving Party who have been retained by the parties or their attorneys and to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as **Exhibit A**;

(c) the Court and its personnel subject to the filing procedures set forth herein;

(d) court reporters and their staffs subject to the provisions regarding deposition set forth herein;

(e) the Receiving Party's professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (*see* **Exhibit A**);

(f) the author and/or recipient(s) of the document or the original source and/or original recipient(s) of the information.

6.4 Notwithstanding any other provisions of this Order, it has no effect upon, and its scope shall not extend to, any Party's use of documents from its own files or its own "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information.

**7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax or electronic mail, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

**8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately:  (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

**9.     SEALING PROTECTED MATERIAL**

Motion papers or other Court filings, including exhibits, that disclose Protected Material shall be filed with an application to file the Protected Material under seal pursuant to Civil Local Rule 39-141.  In addition, papers referencing or relying upon Protected Material shall designate the particular aspects that are "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to enable the Court, in drafting orders, to determine whether there is evidence which the Court should attempt not to disclose.  If the Receiving Party disputes a CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation of motion papers or exhibits, then the Receiving Party must notify the Designating Party of that dispute in writing.  If the parties are unable to resolve their dispute, either party may move the Court for an order approving or removing the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation.  The non-moving party may oppose such motion.  In the interim, the designated material shall be deemed Protected Material until the issue is resolved by the Court

**10.    "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" MATERIALS OFFERED AS EVIDENCE AT TRIAL**

When offered in evidence at trial, Protected Material and information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" will become available to the public, unless good cause is shown to the judge in advance of the scheduled trial date to proceed otherwise.  In order to permit a Designating Party to assess whether to move the Court for additional protection, and if appropriate to file a timely motion, the proponent of the evidence must give notice of intent to introduce the evidence to counsel for the Designating Party at least thirty (30) days prior to trial.  Any party may then move the Court in advance of the trial for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure pursuant to applicable federal and local rules.  The Court will determine whether the proffered evidence should continue to be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and, if so, what protection, if any, may be afforded to such materials or information at trial.

**11.    FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must destroy or return to the Producing Party all Protected Material that has not lost its "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation and become available to the public.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not, other than as authorized below in the subsequent paragraph, retained any Protected Material.

Notwithstanding the provisions in the immediately preceding paragraph, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 3, above.

**12.     MISCELLANEOUS**

12.1     <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.

12.2     <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3     <u>Jurisdiction.</u>  The Court retains jurisdiction to make amendments, modifications, deletions, and additions to this Order as the Court from time to time may consider appropriate, upon motion of any Party or otherwise.  The provisions of this Order regarding the use or disclosure of information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" will survive the termination of this action, and the Court will retain jurisdiction with respect to this Order.

**IT IS SO STIPULATED, BY AND THROUGH COUNSEL OF RECORD.**

Dated:  November 23,  2009             Respectfully Submitted,

OGLETREE, DEAKNS, NASH, SMOAK & STEWART, P.C.

By     /S/ David Sohn
Douglas J. Farmer
David D. Sohn
Attorneys for Defendant
KRAFT FOODS GLOBAL, INC.

| | |
|---|---|
| Dated:  November 20, 2009 | Respectfully Submitted,<br><br>PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP<br><br><br>By   /S/ Michael J. Etchepare<br>    E. JOSEPH CONNAUGHTON<br>    MICHAEL J. ETCHEPARE<br>    Attorneys for Defendant<br>    KELLY SERVICES, INC. |
| Dated:  October 20, 2009 | Respectfully Submitted,<br><br>BARSOTTI & BAKER LLP<br><br><br>By   /S/ K. Poncho Baker<br>    K. Poncho Baker<br>    Attorneys for Plaintiff<br>    MARIA TERESA GONZALEZ |

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address] declare that I have read in its entirety the Stipulated Protective Order Re Confidential Information ("Stipulated Protective Order") that was issued by the United States District Court for the Eastern District of California, on _____ [date] in the case of *Maria Teresa Gonzalez v. Kraft Foods, Inc., et al*, Case No. 1:09-CV-01426-LJO-GSA.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and agree that the material covered by this Stipulated Protective Order shall be used exclusively for the purposes of this litigation. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

## **ORDER**

The Court having reviewed the Parties' Stipulated Protected Order Re Confidential Information and GOOD CAUSE appearing therefore, hereby orders that:

The Stipulated Protected Order Re Confidential Information is approved in its entirety and shall govern the use and treatment of Protected Materials in this action until further order of the Court.

**IT IS SO ORDERED.**

Date:  November 25, 2009                    /s/ Gary S. Austin
                                                         U.S. Magistrate Judge Gary S. Austin